Nott, J.,
delivered the opinion of the court:
It was supposed, on the trial of this case, that the only question involved was whether the taking of the oath prescribed by the pardon, before the pardon was granted, was a sufficient compliance with its condition; and it was insisted, by the counsel for the claimant, that if the taking of the oath was contemporary, it was immaterial whether it was taken just before or just after the issuing of the pardon, especially as the Attorney-General, by a contemporary construction, and, doubtless under the direction of the President, had indicated by bis circular of, J une 7,1865, that the oath should be taken in advance. But on looking into the case, we find that the oath which was taken is the oath prescribed by the President’s proclamation 8th December, 1863. The difference between the two oaths is slight; but from such examination as we have been able to give to the subject, we find it to be an inflexible rule that be who seeks to avail himself of the benefits of a pardon, granted conditionally, must show a rigid compliance with the conditions which it imposes.
Laying aside the pardon, it remains to be inquired whether the deceased claimant was absolved by any proclamation. As to that of December, 1863, be took the oath which it prescribed, but the proclamation was abrogated by that of 29th May, 1865, certainly so far as the excepted classes were concerned. Mr. Scott belonged to one of those classes and be could not, therefore, avail himself of that proclamation.
As to the General amnesty proclamation December 25, 1868, Mr. Scott died a year before it was issued. The Supreme Court has held that it applies to persons and not to the general obliteration of treasonable offenses, (Gay’s Gold, 13 Wall. Rep., p. 358,) and this court has held that it does not extend to one who died previously, (Meldrim & Dogle’s Case, 7 C. Cls. Rep., p. 595.) We must, therefore, lay it aside as not reaching the claimant’s case.
But we are at the same time of the opinion that the acceptance of the pardon by Mr. Scott does not preclude the court *461 from passing upon the other evidence of his loyalty which is in the case. The pardon recites that “ by talcing part in the late rebellion” he uhas made himself liable to heavy pains and penalties.” If this has any efficacy it must be either as an admission or by way of estoppel. The law regards admissions with jealousy, and this one is vague, uncertain, and dependent upon abstruse legal conclusions. Considered as an estoppel, there is nothing in it; for a man is only estopped where he accepts a grant and not where it is inoperative and he receives no benefit whatever from it. Upon the evidence we find that the claimant’s testator did not give aid or comfort to the rebellion.
The judgment of the court, is that the claimant recover the proceeds in the Treasury of fifty-one and a half bales of cotton captured at Savannah, being $175.33 per bale, amounting in the aggregate to $9,029.49.
And in the second ease of the claimant’s, (No. 2635,) judgment will be entered for the proceeds of one hundred and four bales of cotton, amounting to $18,234.32.
And in the third case of the claimant’s, (No. 2636,) judgment will be entered for the proceeds of three hundred and fifty-five bales of cotton, amounting to $62,242.15.